PHARIS *et al. v.* PERRY, administrator.

No. 13929. NOVEMBER 11, 1941.

*Nelson & Nelson* and *R. M. Daley,* for plaintiffs in error.

*Lester F. Watson* and *C. C. Crockett,* contra.

*E. L. Stephens* and *R. I. Stephens,* for persons at interest.

REID, Chief Justice. In the recent case of *Fleming* v. *May,* 190 *Ga.* 413 (9 S. E. 2d, 657), we ruled, under prior decisions and pertinent Code provisions, that first cousins of an intestate were entitled to inherit the estate, where the intestate left no direct heirs, and collaterally no brothers or sisters, children or grandchildren of brothers or sisters, or father or mother, and that in such case second cousins had no interest therein either as heirs or as representatives of deceased first cousins, there being no representation among collaterals beyond children and grandchildren of brothers and sisters. Code, § 113-903.

In the present case J. J. Perry, as administrator of the estate of J. L. A. Perry, filed his petition in the superior court of Laurens County, seeking direction in the distribution of the estate. Code, § 37-404. He alleged, that his intestate left no direct heirs, no brothers or sisters, children or grandchildren of brothers or sisters, or father or mother; that there were a number of first cousins surviving him, living in Laurens and surrounding counties, naming them upon the best information he could obtain; that there are a number of children of deceased first cousins "who are scattered over a considerable territory in this State, whom petitioner has been informed claim an interest in said estate;" and that he has also been informed of the possibility of the existence of other first cousins, who are non-residents of the State. The concluding paragraphs of the petition are as follows: "6. Petitioner files this action for direction, and specifically names the first cousins named in the preceding paragraph and all and every one who claims an interest in said estate; but does not ask or pray for any judgment against them, but does ask and pray for direction and for this honorable court, by legal investigation, to determine who are the legal heirs at law of the estate and the legal and proper distributees, both for the protection of your petitioner as administrator, and also for the protection of the legal and rightful distributees; and that the judgment entered in the case may be binding and conclusive on all parties claiming any interest in said estate.

"7. Petitioner further alleges, that it is necessary for his protection as administrator, and for the protection of the legal heirs

of the estate which he represents, that he be granted an order by this honorable court, and that time be made the essence of said order, providing for a definite time to be fixed by this court for all parties to intervene and file their claims, setting up their relationship to the deceased, the said J. L. A. Perry, under oath; and further that this court provide the kind of service and notice to be given all claimants to said estate; and that on the date fixed by this honorable court all parties that have failed to intervene be thereafter forever precluded and barred from the participation and distribution of said estate; that this court declare, by whatever method is legal and binding, who the distributees of said estate are, and by proper order and decree direct petitioner, as administrator, to make the distribution accordingly."

The plaintiffs in error appeared and filed answers, demurrers, and pleas in abatement. In their answers they admitted that there were surviving first cousins of the intestate, and set up that they were surviving children of named first cousins, which made them second cousins of the intestate, and as such they claimed the right to inherit from him. The judge struck their answers and other pleadings, on the ground that they had no interest in the estate, and accordingly could not be heard to defend against or object to the proceedings by the administrator. We think that he did right. The claim of the plaintiffs in error is opposed to the ruling in the *Fleming* case, supra. They admitted that there were first cousins who survived the intestate, and disclosed that they were second cousins. This being true, they stood, in relation to the estate, as mere strangers, and hence had no standing to object to the validity of the administrator's petition. In the *Fleming* case we held that, there being first cousins, second cousins could not caveat the probate of the will, since they would not inherit if the will were refused probate. Counsel for the plaintiffs in error complain that the administrator prayed that all parties claiming any interest in the estate be required to intervene; that in response they came in; and that they were entitled to have their claim adjudicated. It is also contended that there were questions of fact to be passed on by the jury. In regard to the first point, the plaintiffs in error did obtain an adjudication on their claim. The court ruled, in rejecting their entry into the case, that since there existed first cousins, and since they were second cousins, their claim had no legal standing. We

now affirm that ruling. In regard to the second point, we can find no question of fact which should have been submitted to a jury. As already stated, the plaintiffs in error admitted that there were surviving first cousins, and showed that they were second cousins. Taking their admissions as true, they had no claim on the estate as heirs. The judgment is *Affirmed. All the Justices concur.*